United States Bankruptcy Court
Northern District of Illinois
Eastern Division

IN RE:  Maria Rivera            )
                                )     **Chapter 13**
                                )     **Case No. 12-36656**
    **DEBTOR**                  )     **Judge:  Goldgar**
                                )

**To:**

Maria Rivera, 5248 W. Oakdale, Chicago, IL 60641

InSolve Recovery, LLC, c/o Capital Recovery Group, LLC, Dept. 3203, Po Box 123203, Dallas, TX 75312

Nichlas P. Spallas, agent for Capital Recovery Group, LLC, Dept. 3203, Po Box 123203, Dallas, TX 75312.

Lexis Document Services (Registered Agent – Capital Recovery Group), 801 Stevenson Dr., Springfield, IL 62703

Capital Recovery Group, LLC (William Firestone – President), 84 Ardsley Road, Longmeadow, MA 01106

Trustee Marilyn Marshall, 224 S. Michigan Ave, Suite 800, Chicago, IL 60604

## NOTICE OF MOTION

Please take notice that on Tuesday, August 25, 2015 at 9:30 a.m., I shall bring the above motion for hearing before Judge Goldgar or whomever is sitting in Judge's stead, in the Courtroom normally occupied by Judge Goldgar at Dirksen Federal Building, Courtroom 642, 219 S. Dearborn, Chicago, IL 60604 and present the attached objection and you may so appear if you so choose.

By: **/s/ Joseph P. Doyle**
Joseph P. Doyle, Attorney for debtor

### Certification

The undersigned certifies that he served a copy of this notice and attachments to the above named addressed and to the attached service list of creditors by first class mail, postage prepaid, from the mailbox located at Schaumburg, Illinois 60193 or otherwise via the methods shown above, on or before the hour of 4:30 p.m. on July 22, 2015. Unless otherwise indicated by local rules or other applicable rules, parties participating in electronic filing were served by electronic notice transmission.

By: /s/Joseph P. Doyle
Attorney for debtor

**Attorney for the Debtor**
**Prepared By : Joseph P. Doyle**
**Law Offices of Joseph P. Doyle**
**105 S. Roselle Road, Suite 203**
**Schaumburg, IL 60193**
**(Ph): 847-985-1100 (Fax)  847-985-1126**

United States Bankruptcy Court
Northern District of Illinois
Eastern Division

IN RE:  Maria Rivera            )
                                )
                                )
       DEBTOR                   )       Chapter 13
                                )       Case No. 12-36656
                                )       Judge: Goldgar


**Objection to Proof of Claim Filed by Capital Recovery Group, LLC, as agent for InSolve Recovery, LLC (2-1)**

   Now Comes Counsel for, Maria Rivera, Joseph P. Doyle, and files this objection to the claim filed by the above named creditor and in support hereof would show the following:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1334 and this is a core proceeding under 28 USC 157(b)(2).

2. That the debtor filed a petition for relief pursuant to Chapter 13 on September 16, 2012.

3. This Honorable Court has confirmed the Debtor's Chapter 13 Plan, with secured creditors to be paid 100% and with general unsecured creditors to be paid 100%.

4. That the Chapter 13 Plan requires that the debtor make a plan payment to the Chapter 13 Trustee in the amount of $637.00 on a monthly basis for a term of approximately 60 months.

5. The proof of claims date expired on January 29, 2013 for regular unsecured creditors, and March 15, 2013 for government creditors.

6. The proof of claim (2-1) was filed on November 16, 2012.  **See Exhibit A – Capital Recovery Group Proof of Claim**

7. However, there are no documents attached to the proof of claim to demonstrate the accurate amount of debt owed to InSolve Recovery, LLC or the company hired presumably to collect on the alleged debt for them, Capital Recovery LLC.

8. The Debtor has never had a Sears Card, who according to section 3a of the Proof of Claim is the original creditor. The Debtor asserts that this debt is

actually for her mother, who shares the same name as the Debtor. The claimant has not offered any proof that the debt is actually owed by the Debtor.

9. Because there is no attachment to the proof of claim, it does not qualify as an "account summary" and is not sufficient to establish the prima facie validity of the proof of claim. The claim is without any evidentiary value and is unenforceable against the debtor and the debtor's property under any agreement or applicable law pursuant to 11 USC Section 502(b)(1).

### Standard

10. A proof of claim executed and filed in accordance with Rule 3001 shall constitute prima facie evidence of the validity and amount of the claim. Rule 3001(f).

11. Claim objectors carry the initial burden to produce some evidence to overcome the rebuttable presumption of validity. *In re Olde Prairie Block Owner, LLC*, 452 B.R. 687, 695 (Bankr.N.D.Ill 2011).

12. However, once the objector has produced some basis for calling into question allowability of a claim, the burden then shifts back to the claimant to produce evidence to meet the objection and establish that the claim in fact is allowable. *In re Vanhook*, 426 B.R. 296, 299 (Bankr.N.D.Ill. 2010).

13. This establishes that the "ultimate burden of proof is part of the claim itself." *In re Drengacz*, 2012 WL 5467757 at *3 (Bankr.N.D.Ill 2012). Essentially, then, it is up to the "claimant to prove entitlement to the claim." *In re Watson*, 402 B.R. 294, 297 (Bankr.N.D.Ind. 2009).

**WHEREFORE**, the Debtor prays this Honorable Court for the following relief:

    A. Sustaining Debtor's Objection to Claim 2-1;

    B. Disallowing Claim 2-1 in its entirety;

    C. For any and all other relief this Court deems fair and proper.

                                                           **By: /s/ Joseph P. Doyle**
                                                            Joseph P. Doyle, Attorney for Debtor

**Attorney for Debtor**
**Prepared by Joseph P. Doyle**
**Law Offices of Joseph P. Doyle**
**105 S. Roselle Road, Suite 203**
**Schaumburg, IL 60193**
**(Ph) 847-985-1100 (Fax) 847-985-1126**